# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| CHRISTY R. LEACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:19-cv-00022 |
| | ) | |
| COLUMBIA POLICE DEPARTMENT, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Christy R. Leach has filed a pro se Complaint (Doc. No. 1), asserting claims under 42 U.S.C. § 1983, based on the alleged violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. With her Complaint, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2).

As it is clear from Plaintiff's submission that she lacks sufficient financial resources from which to pay the fee required for the filing of a complaint, the Application (Doc. No. 2) is **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of the Complaint and dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In reviewing the Complaint to determine whether it states a plausible claim, "a district

court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the present Complaint, Plaintiff brings suit against the Columbia Police Department and four individual officers employed by the Police Department: Keith Fall, Jeff Segroves, Lee Colvett, and Neyland Barber. Plaintiff alleges that the individual police officers engaged in repeated illegal, warrantless searches of her home between May 2016 and September 2018, engaged in the use of excessive force in detaining her, illegally confiscated cash from her purse, and deleted videos from her telephone because the videos depicted the officers engaged in illegal activities. She sues all the officers in both their individual and official capacities, seeking compensatory and punitive damages. She demands that the Columbia Police Department be accountable for the officers' actions.

Plaintiff brings suit under 42 U.S.C. § 1983 to redress purported violations of her constitutional rights under the Fourth and Fourteenth Amendment to be free from warrantless searches and seizures, arrest without probable cause, and the use of excessive force during the course of an arrest. To prevail on a claim under § 1983, a plaintiff must prove two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Here, the defendants are all employees of the Columbia Police Department and, as such,

were acting under color of state law. The allegations in the complaint, if true, would also establish violations of Plaintiff's constitutional rights by the officers acting in their individual capacity. The claims against the police officer defendants in their individual capacity will be permitted to proceed.

The next question is whether the complaint states a claim against the Columbia Police Department. The Police Department is a division of the City of Columbia but is not itself a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting claim against township police department on the basis that it was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983). On this basis alone, the claims against the Columbia Police Department must be dismissed.

Even if the Court broadly construes the complaint as asserting claims against the City of Columbia, rather than the Police Department, they would still be subject to dismissal. While a municipality is considered a "state actor" subject to suit under 42 U.S.C. § 1983, a municipality may only be held liable for its own actions in depriving a plaintiff of her federal rights. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A municipality will not be liable simply because it employs the alleged unlawful actor. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under the theory of *respondeat superior*."). Instead, "liability only attaches where a custom, policy, or practice

attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012) (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Because municipalities do not incur *respondeat superior* liability under § 1983, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen" to avoid dismissal under Rule 12(b)(6). *Bright v. Gallia Cty.*, 753 F.3d 639, 660 (6th Cir. 2014) (citation omitted).

The Complaint does not contain any facts suggesting that the police officers' activities resulted from a custom or policy of the City of Columbia. Instead, Plaintiff indicates only that she wants the Columbia Police Department to be accountable for the police officers' actions. Because Plaintiff does not allege any facts suggesting that a policy or custom adopted by the police department or the City of Columbia caused the violation of her constitutional rights, the claims against the Columbia Police Department are **DISMISSED** for failure to state a claim for which relief may be granted. Likewise, the claims against the police officers in their official capacity, which are equivalent to claims against the City of Columbia, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[O]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation and quotation marks omitted))), are **DISMISSED** for failure to state a claim for which relief may be granted.

The Clerk is directed to **ISSUE PROCESS** to Defendants Keith Fall, Jeff Segroves, Lee Colvett, and Neyland Barber at the address provided by plaintiff and to effect service in accordance with Rule 4(c)(3) through the United States Marshal's Service.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to oversee service of process, to dispose or recommend disposition of

any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply. The Magistrate Judge should consider, at an early stage of the proceedings, whether counsel should be appointed in this case.

Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

Plaintiff is forewarned that the failure to keep the Court informed of her current address at all times may result in dismissal of this action for failure to prosecute.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE