IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CHRISTY R. LEACH                    )
                                    )
        v.                          )       NO: 1:19-0022
                                    )       Campbell/Holmes
COLUMBIA POLICE DEPARTMENT, et al.  )

**TO: Honorable William L. Campbell, Jr., District Judge**


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered May 8, 2015 (Docket Entry No. 2), the Court referred this *pro se* and *in forma pauperis* civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Defendants' second motion to dismiss and for sanctions (Docket Entry No. 41), to which Plaintiff has responded in opposition. *See* Docket Entry No. 44. For the reasons set out below, the undersigned recommends that the motion be granted in part and denied in part.[1]

---

[1]Although this is foundationally a discovery dispute, which is ordinarily within the purview of a magistrate judge to decide, because the relief requested was dispositive in nature and framed as a motion to dismiss, and the relief ultimately granted disposes of Plaintiff's damages claims for compensatory damages for emotional pain and suffering, emotional stress and anxiety, the resolution of this dispute is presented as a report and recommendation. If, however, the District Judge determines that a report and recommendation is not necessary, the undersigned respectfully submits this resolution as an order, subject to review under Fed. R. Civ. P. 72(a) and Local Rule 72.01.

# I. BACKGROUND

Christy R. Leach ("Plaintiff"), a resident of Columbia, Tennessee, filed this lawsuit *pro se* and *in forma pauperis* on February 7, 2019, against four officers with the Columbia Police Department. *See* Complaint (Docket Entry No. 1). Plaintiff brings suit under 42 U.S.C. § 1983 to redress purported violations of her constitutional rights under the Fourth and Fourteenth Amendment to be free from warrantless searches and seizures, arrest without probable cause, and the use of excessive force during the course of an arrest. Plaintiff alleges that Defendants engaged in repeated illegal, warrantless searches of her home between May 2016 and September 2018, used excessive force in detaining her, illegally confiscated cash from her purse, and deleted videos from her telephone because the videos depicted the officers engaged in illegal activities.

After Defendants answered the complaint, a scheduling order and several amended scheduling orders were entered. *See* Docket Entry Nos. 10, 15, 30, and 39. Neither party demands a jury trial, and the case has not yet been set for trial. To date, Defendants have not filed a dispositive motion challenging the merits of Plaintiff's claims.

# II. SECOND MOTION TO DISMISS AND FOR SANCTIONS

Defendants' pending motion arises from an ongoing discovery dispute and they seek sanctions against Plaintiff because of her repeated failures to comply with Court orders that directed her to provide supplemental responses to their discovery requests.

After Defendants served written discovery requests upon Plaintiff in the fall of 2019, Defendants thereafter filed a motion to compel responses to some requests that were objected to or unanswered by Plaintiff. *See* Joint Discovery Dispute Statement (Docket Entry No. 17); Motion to

2

Compel (Docket Entry No. 19). The Court granted in part and denied in part the motion. *See* Order entered February 25, 2020 (Docket Entry No. 22). Although the Court limited the scope of discovery into Plaintiff's prior medical and mental health history to the two years preceding the events at issue, Plaintiff was ordered to (1) provide supplemental responses to interrogatories Nos. 7 and 8 regarding her prior medical and mental health history as the interrogatories were limited by the Court and (2) sign and return a revised a HIPAA release and authorization form that was to be sent to her by Defendants' counsel. *Id*. at 1-2.[2]

Despite the Court's clear directives to Plaintiff, she failed to provide the supplemental interrogatory responses and she made unilateral changes to the HIPPA release forms that she returned to Defendants. Over the next six months, Defendants filed a second motion to compel (Docket Entry No. 24) and a first motion to dismiss and for sanctions (Docket Entry No. 31) in an attempt to obtain Plaintiff's compliance with the Court's February 25, 2020 Order. The Court issued two Orders on the motions, granting the first and denying without prejudice the second, and directed Plaintiff to provide the information which she had previously been ordered to provide. *See* Orders entered June 15, 2020 (Docket Entry No. 28), and August 13, 2020 (Docket Entry No. 39). In both Orders, Plaintiff was specifically warned that her failure to comply would result in the imposition of sanctions against her.

Although Plaintiff eventually provided the HIPPA release forms, Defendants contend in their motion that she has still not provided her supplemental responses to interrogatories Nos. 7 and 8. *See* Memorandum in Support (Docket Entry No. 42) at 5. Defendants argue that Plaintiff's repeated

_____

[2] The Court also ordered Plaintiff to make additional responses to discovery requests regarding cell phone records, which she has apparently done.

3

and continual failure to comply with the Court's Orders compelling discovery warrant dismissal of the present case in whole, or alternatively in part, pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure. *Id*. at 5-6. Defendants also argue Plaintiff should be sanctioned under Rule 37(b)(2)(C) by being required to pay the reasonable expenses of $571.30 that they incurred in filing the pending motion. *Id*.

Plaintiff responds by asserting that she has now provided the HIPPA release forms and that she believed that "for months the only problem was the signing of the HIPPA forms." *See* Response (Docket Entry No. 44) at 22. With respect the interrogatories, she states:

> Pertaining to Interrogatory Number 8, I told the attorney for the defendants that I never received any medical treatment for any injury caused by the incidents in my complaint. I also haven't been to any doctor in years and in an attempt not to commit perjury, I didn't attempt to add any dates of medical care due to the fact that I don't remember. So I was relying on the medical records that I gave the attorney consent to get to provide accurate medical information.

*Id*. at 1. She further states:

> I respond to these questions in my complaint. I stated that I have sleepless nights and anxiety from fear for my family dealing with the police. I also stated that I didn't seek medical attention but I did send in photos of bruises that was time/date stamped. I do not know what else they are asking me for.

*Id*. at 22-23.

Defendants reply that the Court's Orders at issue clearly and explicitly pertained to both the HIPPA release forms and the supplemental responses to the two interrogatories and that Plaintiff has not offered any reasonable explanation for not providing the requested supplemental responses. *See* Reply (Docket Entry No. 45). As a further sanction, Defendants also seek the reasonable cost of $453.10, which they expended to file their reply. *Id*. at 4.

4

### III. CONCLUSIONS

The Court has been required to expend too much time on what is, in the realm of the discovery disputes that arise in cases before the Court, a relatively minor dispute. While both parties have contributed to some degree to the dispute, the dispute has remained an issue primarily because of Plaintiff's inability or unwillingness to follow clear directives from the Court with respect to what is required from her. Complying with the Court's directives should have been a quick and easy task; sign and return the HIPPA release forms without alterations, read the two interrogatories at issue (which were limited by the Court), and then actually write out supplemental responses to the interrogatories. When a party has been ordered by the Court to take specific actions with respect to providing discovery responses, the party simply does not get to pick and choose how to respond. The party is to follow the Court's directives. Because of Plaintiff's *pro se* status, the Court provided her with quite a bit of leniency regarding the dispute at hand, but her *pro se* status simply does not excuse her conduct. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("the lenient treatment generally accorded to *pro se* litigants has limits"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (the relaxed pleading standards for *pro se* litigants do not apply to "readily comprehended court deadlines"). Indeed, it is inexplicable to the Court why Plaintiff still has not provided specific supplemental responses to the interrogatories at issue instead of referring to her complaint or believing that they have been answered elsewhere in some other form or fashion.

What to do at this point is less easily determined. Rule 37(b) of the Federal Rule of Civil Procedure provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2) and include the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Rule 16(f)(1) also

provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ." Finally, Rule 41(b) permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. Ultimately, the imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the trial court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The Court does not agree with Defendants' assertion that this case should be dismissed as a sanction. Dismissal of a case is an extremely drastic sanction, one which the Court finds is not warranted based on the facts of this case. There has not been an overall obstruction of discovery by Plaintiff. Nor does the Court find that Plaintiff's actions exhibited the type of bad faith, willfulness, or contumacious conduct that supports the ultimate sanction of dismissal of a party's entire case. *See Taylor v. Medtronics, Inc.*, 861 F.2d 980, 987 (6th Cir. 1988); *Regional Refuse Sys.*, *supra*; *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Finally, while Defendants have certainly suffered some prejudice because of Plaintiff's conduct, the Court has readily extended scheduling order deadlines in this case to accommodate any delay in pre-trial proceedings caused by Plaintiff's conduct.

The Court is also not persuaded that a partial dismissal of Plaintiff's claims is warranted. The health and mental health information at issue in the discovery dispute is relevant primarily, if not entirely, to the issue of possible damages and does not appear to the Court to go to the merits of Plaintiff's claims. The Court does not view Defendants as being hindered in defending the merits

6

of Plaintiff's claims by the difficulties they have experienced in obtaining this information from Plaintiff.

Finally, while Defendants seek the imposition of an assessment of reasonable costs against Plaintiff under Rule 37(b)(2)(C), Plaintiff has been granted *in forma pauperis* status in this case and, thus, has been found to lack the resources to pay even the $400.00 filing fee for her case. *See* Docket Entry No. 4 at 1. Given this circumstance, there appears to be no just basis for imposing upon Plaintiff a monetary sanction of costs that is more than the filing fee that she was excused from paying.

In the end, the sanctions sought by Defendants do not appear warranted or supported by the facts of the case. Nonetheless, Plaintiff has caused unnecessary work for Defendants. She has also forced the Court to repeatedly expend its own limited resources in an effort to compel her compliance with clear and explicit directives regarding discovery. Furthermore, despite all the proceedings on this issue, Plaintiff still has not fully complied with the Court's directives. Such conduct should not be simply ignored.

Accordingly, given that the information at issue in this discovery dispute pertains to Plaintiff's medical and mental health history, which is relevant to this case and subject to discovery because of Plaintiff's request for damages to compensate her for emotional pain and suffering, emotional stress, and anxiety that she alleges she suffered as a result of Defendants' actions, *see* February 25, 2020 Order at 1-2, the Court finds that an appropriate sanction is a limitation on Plaintiff's ability to seek such damages in this case. While Plaintiff may continue to seek damages for the constitutional violations at issue themselves and for any physical injuries she suffered and may seek punitive damages, she should be barred from seeking compensatory damages for emotional

pain and suffering, emotional stress and anxiety and this request for relief should be stricken from the case.

## RECOMMENDATION

Accordingly, the it is respectfully RECOMMENDED that Defendants' second motion to dismiss and for sanctions (Docket Entry No. 41) be:

1) GRANTED to the extent that Plaintiff's request for relief in the form of compensatory damages for emotional pain and suffering, emotional stress and anxiety be stricken, thus barring recovery of these damages; and,

2) DENIED in all other respects.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

8